UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVANDRA J. ALLEN,

        Plaintiff,

v.                                              Case No. 15-cv-1566-pp

EMMANUEL OR BILL LEE,

        Defendant.

**ORDER DISMISSING COMPLAINT (DKT. NO. 1) AND DENYING AS MOOT MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

On December 31, 2015, the plaintiff, who is proceeding without a lawyer, filed his complaint. Dkt. No. 1. Along with the complaint, the plaintiff filed a motion asking the court to allow him to proceed with his case without paying the filing fee. Dkt. No. 2. For the reasons explained below, the court dismisses the complaint and denies as moot the plaintiff's motion to proceed *in forma pauperis*.

Section 1915(e)(2)(B) requires a court to dismiss a case at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For this reason, district courts "screen" complaints filed by self-represented plaintiffs, to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams,

1

490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted). Relatedly, in order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: whether the litigant is unable to pay the costs of commencing the action, and whether the action is frivolous or malicious. 28 U.S.C. §§1915(a) and (d).

To state a cognizable claim for relief under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

2

Case 2:15-cv-01566-PP   Filed 01/25/16   Page 2 of 5   Document 5

490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted). Relatedly, in order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: whether the litigant is unable to pay the costs of commencing the action, and whether the action is frivolous or malicious. 28 U.S.C. §§1915(a) and (d).

To state a cognizable claim for relief under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

In his complaint, the plaintiff alleges that the defendant, a person named "Emmanuel or Bill Lee," assaulted and abused him in a variety of ways. Dkt. No. 1. The plaintiff alleges that at the time he was born at Mercy Hospital, either he or his doctor (it is not clear from the complaint) saw a male open his diaphragm and remove his pancreas. He alleges that at that time, he felt fluid running in his left leg and foot, and a bit in his right, "as [he does] today." Id. at 2. He then alleges that someone named Derrick Allen did something to the inside of his body, and that he heard someone say it was to his kidney. Id. He alleged that after that, a male aged 50 to 60 years old cut his lower spinal cord. Id. at 2-3.

The plaintiff appears to allege that at some point—perhaps after he'd become an adult—he was shot by a police officer in the chest, and was later shot fifteen to 20 times in the brain by unidentified persons (although he appears to allege that the person who detached his pancreas at birth was involved, as was Derrick Allen). Id. at 3. The plaintiff alleges that he "died and came back to life." Id. He says that the person who detached his pancreas indicated that his name was Emmanuel or Bill Lee, and then raped him, and that Derrick Allen did the same. He claims that the defendant replaced his soul with the defendant's own, and that the defendant was a criminal. Id.

3

The complaint continues in more detail with allegations such as these, all alleging that he remembers something being done to him while he was a baby, and that later he was shot and died, but came back to life and had his soul replaced by that of a criminal. The plaintiff alleges murder, fraud and rape, and asks the Federal Supreme Criminal Court to award him money damages. He also asks that court for a hearing. Id. at 4.

The plaintiff does not allege violations of any federal statutes. He does not allege violations of any Constitutional provisions. The plaintiff tries to allege that crimes were committed—if that is the case, the state, not the plaintiff, has standing to bring the charges. This court does not have the authority to provide any kind of relief to the plaintiff based on the facts that he has alleged in this complaint.

Accordingly, the court will dismiss the plaintiff's complaint under §1915(e)(2)(B), and the court will deny as moot his motion to proceed *in forma pauperis*.

The court **ORDERS** that the plaintiff's complaint is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B), because it is frivolous and fails to state a claim on which relief can be granted.

4

The court further **ORDERS** that the plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED AS MOOT**.

Dated in Milwaukee, Wisconsin this 25th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge